UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24054-CIV-LENARD/O'SULLIVAN

SHARON SCIACCA,
    Plaintiff,

v.

OCEANIA CRUISES, INC.,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion to Strike Defendant Oceania Cruises, Inc.'s Affirmative Defenses (DE # 12, 12/23/11). Having reviewed the applicable filings and law, having held a hearing in this matter, and for the reasons stated on the record, the undersigned enters the following Order.

## BACKGROUND

On November 9, 2011, the plaintiff filed a Complaint in this matter against the defendant which included a negligence claim. On December 2, 2011, the defendant filed an Answer and Affirmative Defenses in this matter. (DE # 6, 12/2/11). On December 23, 2011, the plaintiff filed the Plaintiff's Motion to Strike Defendant Oceania Cruises, Inc.'s Affirmative Defenses (DE # 12, 12/23/11) and moved to strike the defendant's first, second, fourth, seventh, eighth, and ninth affirmative defenses. The defendant filed a response on January 9, 2012, (DE # 14, 1/9/12), and withdrew affirmative defenses seven and eight. The plaintiff filed a reply on January 12, 2012, (DE # 17, 1/12/12).

## LEGAL STANDARD

While the federal courts do not favor striking affirmative defenses, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure

12(f).  "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure".  Mid-Continent Casualty Co. v. Active Drywall South, Inc., et al, 765 F.Supp.2d 1360, 1361 (S.D.Fla. 2011).  Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of a party's defense.  While "an affirmative defense 'does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  Id, quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S.Ct.1955, 167 L.Ed.2d 929 (2007).

## ANALYSIS

The plaintiff seeks to strike the defendant's first, second, fourth, seventh, eighth, and ninth affirmative defenses.  The defendant voluntarily withdrew affirmative defenses seven and eight.  Accordingly, this Order reflects that affirmative defenses seven and eight are withdrawn.  The plaintiff asserts that the first, second, fourth, and ninth affirmative defenses are insufficient.  The plaintiff argues that the first affirmative defense is insufficient because it is a "bare bones conclusion."  Plaintiff's Motion to Strike, (DE # 12, at p. 3).  The plaintiff argues that the second, affirmative defense is insufficient because "it fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)."  Id.  The plaintiff argues that the fourth affirmative defense is insufficient because the affirmative defense is meritless.  Id, at p. 5.  Finally, the plaintiff argues that the ninth affirmative defense is a denial, not an affirmative defense.  Id, at p. 9.

An affirmative defense may be stricken if it fails to satisfy the pleading requirements of Rule 8 and Twombly.  See Twombly at 1362.  The undersigned finds that the defendant's affirmative defenses two and nine have failed to satisfy the pleading requirements of Rule 8 and Twombly because the defenses merely state conclusions.  Accordingly, the plaintiff's motion is

granted with respect to the second and ninth affirmative defenses. The second and ninth affirmative defenses are stricken and the defendant is permitted to re-file the second and ninth affirmative defenses with factual support on or before February 23, 2011.

The defendant's fourth affirmative defense asserts that the plaintiff has failed to state a claim upon which relief can be granted. If an affirmative defense points out a defect in the prima facie case of a plaintiff, that affirmative defense is not actually an affirmative defense, it is a denial. See Zeron v. C&C Drywall Corporation, Inc., 2009 WL 2461771 (S.D.Fla. 2009). Accordingly, the defendant's fourth affirmative defense in this matter shall be considered a denial.

Finally, for the reasons stated on the record, the undersigned finds that the first affirmative defense is sufficient and the first affirmative defense is permitted to stand.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion to Strike Defendant Oceania Cruises, Inc.'s Affirmative Defenses (DE # 12, 12/23/11) is **GRANTED** in part and **DENIED** in part in accordance with the foregoing Order. The defendant has until February 23, 2012, to amend their affirmative defenses.

DONE AND ORDERED in Chambers, at Miami, Florida, this 16th day of February, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record